UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE CITY OF NEW ORLEANS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-8290** |
| **APACHE LOUISIANA MINERALS, LLC, ASPECT ENERGY, L.L.C., CHEVRON U.S.A. INC., COLLINS PIPELINE COMPANY, ENTERGY NEW ORLEANS, LLC, EOG RESOURCES, INC., EXXONMOBIL PIPELINE COMPANY, GULF SOUTH PIPELINE COMPANY, LP, SOUTHERN NATURAL GAS COMPANY, L.L.C., WHITING OIL AND GAS CORPORATION** | **SECTION: T (5)** |

## ORDER AND REASONS

The Court has before it Plaintiff New Orleans City's ("New Orleans") Motion for Reconsideration, R. Doc. 167, of this Court's Order (the "Order") denying New Orleans's motion to remand this matter back to state court, R. Doc. 147. In the alternative, New Orleans asks the Court to enter a final judgment as to Defendant Entergy New Orleans, LLC ("Entergy") or certify the Order for immediate appeal and stay this case pending that appeal. *See* R. Doc. 167-1. Entergy has filed an opposition to the Motion, R. Doc. 169, as have Defendants Chevron USA Inc. ("Chevron") and ExxonMobil Pipeline Company ("Exxon"), R. Doc. 170. New Orleans has also submitted a reply memorandum. R. Doc. 171. Having considered the parties' arguments, as well as the applicable law and facts, the Court will DENY New Orleans's Motion for Reconsideration, but will GRANT New Orleans's request to enter final judgment as to its dismissed claims against Entergy and will STAY this matter pending appeal.

1

I.      BACKGROUND

This case is one of many seeking to determine the oil and gas industry's responsibility, and consequent restoration obligations, for the rapid loss and deterioration of Louisiana's coastal wetlands. Louisiana coastal parishes and cities filed several lawsuits in state courts against more than 200 oil and gas companies, alleging their dredging, drilling, and waste disposal caused coastal land loss and pollution and violated the Louisiana State and Local Coastal Resources Management Act, La. R.S. §§ 49:214.21 *et seq.* ("SLCRMA"). The SLCRMA provides a cause of action for violations of a state-issued coastal use permit or for the failure to obtain a required coastal use permit. La. R.S. § 49:214.36(D). Among the exemptions from coastal use permitting requirements are uses which do not have a significant impact on coastal waters, *see* La. R.S. § 49:214.34(A)(10), and activities "lawfully commenced" prior to the effective date of the coastal use permit program, *see* La. R.S. § 49:214.34(C)(2). Each lawsuit involves oil and gas operations conducted in different operational areas and is brought against a different but often overlapping cast of defendants. *See, e.g.*, *Par. of Plaquemines v. Riverwood Prod. Co.*, 2019 WL 2271118 (E.D. La. May 28, 2019), *aff'd sub nom. Par. of Plaquemines v. Chevron USA, Inc.*, 969 F.3d 502 (5th Cir. 2020), *opinion withdrawn and superseded on reh'g*, 7 F.4th 362 (5th Cir. 2021), *and aff'd in part, rev'd in part and remanded sub nom. Par. of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362 (5th Cir. 2021). The plaintiffs seek recovery of damages, costs necessary to restore the coastal zone, actual restoration, and reasonable costs and attorney's fees. *Id.*

In the instant case, New Orleans filed a petition for damages and injunctive relief under the SLCRMA against Defendants in Louisiana State court, alleging each named Defendant has engaged in and enabled a course of continuous and relentless dredging, drilling, extracting, and transport of oil and gas in and across the coastal wetlands in New Orleans for decades.

R. Doc. 1-1 at 3. New Orleans asserts Defendants failed to contain their operations within permitted bounds, causing damage to the coastal lands in the city, for which Defendants are liable under the SLCRMA. *Id.* Although New Orleans strategically attempted to disclaim in its petition any cause of action that would trigger federal jurisdiction over its claims, *see* R. Doc. 1-1 at 15–16, Defendants removed the action to this Court, asserting federal jurisdiction was available to them pursuant to 28 U.S.C. §§ 1331, 1332, 1333, 1367, 1441 and 1442, and 43 U.S.C. § 1349. *See* R. Docs. 1; 22.

New Orleans moved the Court to remand this matter back to state court, arguing none of Defendants' purported grounds for federal jurisdiction was legally supportable. R. Doc. 77-1. However, the Court denied the motion to remand, holding it may assert diversity jurisdiction over this action pursuant to § 1332 because the only non-diverse defendant, Entergy, was improperly joined and must be dismissed. R. Doc. 147. The Court held there was no reasonable basis to predict that New Orleans might be able to recover on its claims against Entergy under the SLCRMA because New Orleans alleged no conduct by Entergy that was not "lawfully commenced" prior to the effective date of the coastal use permit program. *Id.*; *see also* La. R.S. § 49:214.34(C)(2). The Court rejected New Orleans's argument that language in the Federal Environmental Impact Statement ("FEIS") drafted for federal approval of the SLCRMA created an exception to the SLCRMA's blanket inapplicability to lawful conduct occurring prior to the effective date of the coastal use permit program if a "significant change in the nature, size, location, or impacts of the use or activity take place[,]" explaining the FEIS carries no force of federal law and was never enacted as Louisiana law. *Id.*

3

New Orleans now asks the Court to reconsider that holding, arguing new evidence shows there is a reasonable basis to predict it can legally recover on its claims against Entergy, that Entergy was thus not improperly joined, and diversity remains incomplete. R. Doc. 167-1.

**II.    DISCUSSION AND ANALYSIS**

New Orleans moves the Court to reconsider the Order pursuant to Federal Rule of Civil Procedure 54(b), which provides, *inter alia*, "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." However, this authority to reconsider "must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Antoine's Rest., LLC v. Certain Underwriters at Lloyd's, London*, 2023 WL 3751509, at *2 (E.D. La. June 1, 2023) (citing *S. Snow Mfg. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 564-65 (E.D. La. 2013)). "To that end, courts in this district evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards as a Rule 59(e) motion to alter or amend a judgment." *Id.* Accordingly, New Orleans must satisfy at least one of the following four criteria to prevail on its Motion: "(1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law." *Id.* (citing *Jupiter v. BellSouth Telecomms., Inc.*, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999)). Additionally, like Rule 59(e) motions, "Rule 54(b) motions are 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

**A. Reconsideration**

New Orleans asserts reconsideration is necessary based on "persuasive authority" from a Louisiana state trial court of which it "recently became aware[.]" R. Doc. 167-1 at 1. New Orleans points to an oral, from-the-bench ruling at a September 11, 2023 hearing in *Parish of Cameron v. Auster Oil and Gas, et al.* ("*Cameron Parish*"), Case No. 10-195 (38th J.D.C., Cameron Parish, Sept. 11, 2023), in which the state trial court judge "grant[ed] the plaintiffs' motion for partial summary judgment to apply historical use exemptions in accordance with the criteria in the 1980 FEIS." R. Doc. 167-3 at 30–31. In other words, the *Cameron Parish* court effectively held defendants in that case may be liable under the SLCRMA even for conduct lawfully commenced prior to the effective date of the coastal use permit program if a "significant change in the nature, size, location, or impacts of the use or activity" has taken place. Based thereupon, New Orleans argues the Court must reconsider its holding that Entergy was improperly joined in this action because the *Cameron Parish* ruling indicates it may have erred in finding no reasonable basis to predict New Orleans might be able to recover on its claims against Entergy. R. Doc. 167-1.

As an initial matter, the Court notes the *Cameron Parish* ruling is not new evidence. It was issued over two months prior to the Court's Order denying remand in this case, and New Orleans did not raise *Cameron Parish* even in its supplemental briefing on the FEIS issue submitted a month after the ruling. *See* R. Doc. 139. New Orleans complains that Chevron, which is also a defendant in *Cameron Parish*, did not bring the ruling to its or the Court's attention. However, Chevron did mention the ruling in its supplemental brief. *See* R. Doc. 140 at 4 n.1. Accordingly, in its Motion for Reconsideration, New Orleans merely attempts to "rehash[] evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *See*

5

*Templet*, 367 F.3d at 479. This alone is sufficient for the Court to deny New Orleans's Motion. Nonetheless, the Court will consider the substance of New Orleans's argument.

It is true that, in determining whether a defendant is improperly joined, "the district court is 'obliged to resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in [the plaintiff's] favor.'" *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (quoting *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir.1999)). The Fifth Circuit has explained that a defendant cannot be dismissed as improperly joined where "at least one Louisiana appellate case" has held a defendant could be held liable under similar circumstances. *D & J Investments of Cenla, L.L.C. v. Baker Hughes a G E Company, L.L.C.*, 52 F.4th 187, 196 (5th Cir. 2022). New Orleans argues state appellate jurisprudence is not necessary, but that a trial court ruling like the one in *Cameron Parish* suffices to create ambiguity or uncertainty in the controlling state law. R. Doc. 167-1 at 2–3. New Orleans may be correct that a reasoned ruling by a Louisiana trial court could under some circumstances create sufficient ambiguity to preclude a holding that a defendant is improperly joined. But the Court declines to hold as such as to the *Cameron Parish* court's one-sentence, oral ruling from the bench, lacking any analysis, reasoning, or citation. In the face of the extensive reasoned analysis this Court conducted in the Order and its ultimate conclusion that the FEIS is not part of Louisiana law, the Court cannot defer to the unreasoned and unappealed *ipse dixit* of the *Cameron Parish* court. Accordingly, New Orleans has failed to show reconsideration of the Order is necessary or warranted.

**B. Certification for Appeal**

Should it so hold, New Orleans asks the Court to enter a final judgment as to Entergy pursuant to Rule 54(b), or certify the Order for immediate appeal under 28 U.S.C. § 1292, and stay this case pending appeal. R. Doc. 167-1. Rule 54(b) permits a court to "direct entry of a final

judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." To make this determination, courts have "the duty to weigh 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" *Rd. Sprinkler Fitters Loc. Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.,* 338 U.S. 507, 511 (1950)). As the Supreme Court has explained, "[t]he function of the district court under [Rule 54(b)] is to act as a 'dispatcher.' It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (internal citations omitted).

Here, New Orleans asserts there "is no just reason for delaying in entering final judgment dismissing Entergy from this litigation because the alternative could require retrial of the entire case if Entergy were eventually found, on appeal, to have been properly joined." R. Doc. 167-1 at 12. The Court agrees. Courts routinely order final judgment and allow interlocutory appeal where defendants are dismissed as improperly joined. *See, e.g.*, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548 (5th Cir. 1981); *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 179 (5th Cir. 1968). Permitting immediate appeal will allow New Orleans to avoid "the hardship and injustice of a potentially needless retrial if [Entergy] is found not to have been fraudulently joined." *Larroquette v. Cardinal Health 200, Inc.*, 2004 WL 3132961, at *1 (E.D. La. Dec. 10, 2004), *aff'd*, 466 F.3d 373 (5th Cir. 2006). Additionally, the Court recognizes the issue forming the basis of its holding that Entergy is improperly joined in this action has broad applicability not just to New Orleans's claims raised in this action against the remaining defendants, but also to many, if not all, of the similar SLCRMA cases currently pending in both federal and state courts across Louisiana.

Accordingly, on balance, the benefits of allowing immediate appeal of this issue outweigh any inconvenience and cost of such "piecemeal" review. The Court will thus grant New Orleans's request that it enter a final judgment as to Entergy pursuant to Rule 54(b).

### C. Stay

Having so determined, the Court must consider whether to grant New Orleans's request to stay this matter pending resolution of the anticipated appeal. Courts consider four factors in deciding a motion to stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014) (quoting *Nken v. Holder,* 556 U.S. 418, 426 (2009)). In this case, even if the Court were to find that New Orleans has not made a strong showing that it is likely to succeed on the merits of its appeal, the remaining three factors weigh heavily in favor of granting a stay. Defendants make no argument that they will be substantially injured if this case is stayed. But, if it is not, New Orleans will be forced to proceed in litigating its SLCRMA claims against the remaining defendants in federal court, while pressing on appeal its argument that federal jurisdiction is lacking. The Fifth Circuit has recognized the significant public interest applicable to federal versus state jurisdictional issues in these SLCRMA cases, noting that "Louisiana, with its parishes, seeks to enforce its own laws, in its own courts, to protect its own and its people's rapidly disappearing coasts and coastal resources, which is precisely the public policy stated in the very law it seeks to enforce." *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 369 (5th Cir. 2023). In light of this substantial concern, the propriety of federal jurisdiction over this case should be assured before New Orleans must bring its claims to trial. A stay pending appeal is warranted.

### III.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that New Orleans's Motion for Reconsideration, R. Doc. 167, is **DENIED**. However, **IT IS FURTHER ORDERED** that New Orleans's Motion, in the alternative, to enter final judgment in this action as to its claims against Entergy pursuant to Rule 54(b) is **GRANTED** and this matter is hereby **STAYED** and **ADMINISTRATIVELY CLOSED** pending resolution of any appeal New Orleans may take from that judgment. Any party may move to reopen this matter within 30 days of the issuance of the Fifth Circuit's mandate in such an appeal, or after the expiration of the deadline to appeal should none be timely filed.

New Orleans, Louisiana, this 28th day of February, 2024.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**